IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MATTHEW T. MGLEJ,<br><br>Plaintiff,<br><br>vs.<br><br>GARFIELD COUNTY, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:13-cv-713<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

This matter is before the court on a Motion for Partial Judgment on the Pleadings (Dkt. No. 23) filed by Defendants Garfield County, Garfield County Sheriff's Office, Garfield County Jail, and Officer Raymond Gardner (collectively "Defendants"). Defendants seek dismissal of all of Plaintiff Matthew Mglej's state law claims. After carefully reviewing the parties' filings and relevant legal authorities, the court GRANTS Defendants' Motion for Partial Judgment on the Pleadings and DISMISSES all of Mr. Mglej's state law claims. The court also awards attorneys' fees and costs to Defendants for defense against the state law causes of action.

## **FACTUAL BACKGROUND**

Plaintiff Matthew Mglej filed the Complaint (Dkt. No. 2) on July 29, 2013 that includes thirteen causes of action against Defendants. Mr. Mglej's claims arise out of his arrest and subsequent imprisonment in Garfield County, Utah, in August 2011. Mr. Mglej alleges he

suffered physical harm and illegal detention and brings various claims alleging negligence, false imprisonment, assault and battery, intentional infliction of emotional distress, and civil rights violations. Mr. Mglej has not filed an undertaking or a bond, but asks that the court set a minimal bond amount because of his financial standing.

Defendants move to dismiss all claims based on the ground that Mr. Mglej failed to file an undertaking or a bond, and that all of Mr. Mglej's claims are barred by the Governmental Immunity Act of Utah. Specifically, Defendants argue that Mr. Mglej failed to timely file his notice of claim as is required under Utah Code Ann. § 63G-7-401 and § 63G-7-402. Defendants also argue that Mr. Mglej's claims are barred by Utah Code Ann. § 63G-7-201 and § 63G-7-301(5)(b) and (j) because those claims arise out of state tort law claims barred by that Act. Defendants do not seek dismissal of Mr. Mglej's Title 42 U.S.C. § 1983 claims involving alleged Fourth and Fourteenth Amendment violations under the United States Constitution.

## ANALYSIS

### I. LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *Atlantic Richfield Co. v. Farm Credit Bank,* 226 F.3d 1138, 1160 (10th Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the plaintiff as the nonmoving party. *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384 (10th Cir. 1997). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must have plead sufficient facts to state a claim to relief which is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

## II.  DISCUSSION

### A.  <u>Failure to File an Undertaking and Bond</u>

Utah law requires that when suing a governmental entity, the plaintiff must contemporaneously file an undertaking of at least $300 with the court. Utah Code Ann. § 63G-7-601; *Rippstein v. Provo*, 929 F.2d 576, 578 (10th Cir. 1991). Utah law also requires that a plaintiff file a sufficiently large bond to guarantee payment of all costs. *See* Utah Code Ann. § 78B-3-104. Mr. Mglej contends that the court should only dismiss under Rule 12(b)(6) for failure to post a bond or undertaking if the defendant files a motion to dismiss based on that failure before the plaintiff attempts to rectify the error. Mr. Mglej's claim is without support. Utah case law is clear that undertakings and bonds must be filed contemporaneously with the filing of the complaint. *See e.g., Rippstein*, 929 F.2d at 576; *Kiesel v. District Court of Sixth Judicial Dist.*, 84 P.2d 782 (Utah 1938).

Dismissal based on failure to file the undertaking and bond should be without prejudice. *Hansen v. Salt Lake County*, 794 P.2d 838, 840 (Utah 1990). The failure of the court to dismiss is reversible error. *See Kiesel*, 84 P.2d at 785. Though Mr. Mglej has requested leave to fix a bond amount in accordance with his financial means (Dkt. No. 19), his failure to post an undertaking and bond necessitates dismissal without prejudice. The court, however, dismisses all state law claims with prejudice for the reasons discussed below.

## B.  Governmental Immunity

Here, Mr. Mglej failed to file a timely notice of claim. Further, even if Mr. Mglej's notice of claim was sufficient and timely, his state law claims must be dismissed because they are claims for which immunity has not been waived. The Utah Governmental Immunity Act requires that a plaintiff file a notice of claim within one year after the cause of action arises. Utah Code Ann. § 63G–7–402. The claimant then has one year from the denial or constructive denial of the notice of claim to file an action in district court. *Peak Alarm Co., Inc. v. Salt Lake City Corp.*, 297 P.3d 592, 596 (Utah 2013). The notice of claim requirement acts as the sole statute of limitations relating to all claims against a government entity and its employees acting under color of authority. *See id* at 597.

Mr. Mglej alleges that the facts giving rise to his cause of action occurred in August 2011. Mr. Mglej has failed to file a notice of claim with the Garfield County Clerk and his claims thus became time barred in August 2012. Therefore, the court dismisses Mr. Mglej's Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Causes of Action.

Even if Mr. Mglej's state tort law claims were timely, they still fall under the exceptions to the general waiver of immunity in the Governmental Immunity Act. "Each governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function." Utah Code Ann. § 63G-7-201(1).

The Utah Supreme Court has established a three-step analysis to determine whether a government entity is immune under the Utah Governmental Immunity Act. To decide whether an activity is eligible for governmental immunity, it must be determined: (1) whether the activity is a governmental function for which governmental immunity has been granted under Utah Code §

63G–7–201; (2) whether the immunity has been waived by another section of the Act; and (3) if immunity has been waived, whether there is an exception to the waiver that would reinstate the immunity. *See Ledfors v. Emery County Sch. Dist.*, 849 P.2d 1162, 1164 (Utah 1993).

Under Utah Code Ann. § 63G-7-102(4)(a), governmental function is defined as "each activity, undertaking, or operation of a governmental entity." This includes "each activity, undertaking, or operation performed by a department, agency, employee, agent, or officer of a governmental entity." Utah Code Ann. § 63G-7-102(4)(b). The operation of a county, county sheriff's department, county jail, and county employees are a governmental function under Utah law. The Act does not waive immunity for intentional torts. Utah Code Ann. § 63G–7–301(4) waives immunity to "any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment." Immunity, however, is not waived if the injury arises out of, in connection with, or results from "assault, battery, false imprisonment, false arrest . . . deceit . . . infliction of mental anguish, or violation of civil rights." Utah Code Ann. § 63G-7-301(5)(b). Mr. Mglej's claims arise out of assault, battery, negligence, and from alleged violations of his civil rights. These fall within the exceptions to the Act and therefore must be dismissed.

### C. **Plaintiff's Constitutional Claims**

Mr. Mglej has alleged violations of the Utah Constitution based on unlawful arrest and detention, use of excessive force, malicious prosecution, denial of bail, and cruel and unusual punishment. Mr. Mglej's constitutional claims are time barred because of his failure to file a notice of claim. Even if the notice of claim had been timely filed, the court would be required to dismiss Mr. Mglej's claims anyway because there is an adequate remedy at law.

Mr. Mglej argues that his constitutional claims are not subject to the notice of claim requirement because the claims are self-executing. A constitutional provision is self-executing if it "articulates a rule sufficient to give effect to the underlying rights and duties intended by the framers. In other words, courts may give effect to a provision without implementing legislation if the framers intended the provision to have immediate effect . . ." *Bott v. DeLand*, 922 P.2d 732, 737 (Utah 1996). If the provision is general in nature and provides no means for putting it into effect, it is not self-executing. *Id.*

Mr. Mglej argues that Article I, Section 7 (malicious prosecution), Section 9 (cruel and unusual punishment) and Section 14 (use of excessive force) have been declared self-executing by the Utah Supreme Court. The court need not reach this issue because it can resolve it on other grounds. Even if these provisions are self-executing, "a Utah court's ability to award damages for [a] violation of a self-executing constitutional provision rests on the common law." *P.J. v. Utah*, 2006 U.S. Dist. LEXIS 40393, *7 (D. Utah June 16, 2006) (quoting *Spackman v. Board of Educ. of the Box Elder County Sch. Dist.*, 2000 UT 87, P20 (Utah 2000)). Under Utah law, "there is no express statutory right to damages for one who suffers a constitutional tort." *Id.* (quoting *Spackman*, 2000 UT 87 at P20). When no specific remedy is mentioned, a court's authority to accord an appropriate remedy to one injured from the violation of a constitutional provision arises from the common law. *See Spackman*, 2000 UT 87 at P20.

Because of this limitation, "[t]o ensure that damage actions are permitted only 'under appropriate circumstances,'" a plaintiff must establish three specific elements before proceeding with a private suit for damages for violation of a self-executing constitutional provision: (1) that he or she suffered a flagrant violation of his or her constitutional rights; (2) that existing remedies

do not redress his or her injuries; and (3) that equitable relief, such as an injunction, was and is wholly inadequate to protect the plaintiff's rights or redress his or her injuries. *Spackman*, 2000 UT 87 at PP 22-25.

In *Spackman*, the court did not reach the question of whether existing federal law remedies would preclude a state court from awarding damages for a state constitutional tort. 2000 UT 87 at PP 24, n.10. Nevertheless, the court provided that each of the three elements must be satisfied for a state constitutional damage claim to proceed. Even assuming that Mr. Mglej can meet the first and third elements, he fails to meet the second element. To proceed, Mr. Mglej must show that existing remedies under Title 42 U.S.C. § 1983 do not provide redress for his injuries. This he fails to do. Indeed, Mr. Mglej claims exactly the damage for the state causes of action as he does for his § 1983 claim. Mr. Mglej argues only that a § 1983 action is insufficient because he may choose not to file that action for strategic purposes. Mr. Mglej does not dispute that § 1983 provides an adequate remedy and the court, therefore, dismisses Mr. Mglej's Sixth, Seventh, Eighth, Ninth and Tenth Claims.

## CONCLUSION

The court GRANTS Defendants' Motion for Partial Judgment on the Pleadings (Dkt. No. 23) and DISMISSES all of Plaintiff Matthew Mglej's state law claims (Claims Six through Thirteen). Pursuant to Utah Code Ann. § 78B-3-104 and § 63G-7-601, the court awards attorneys' fees and costs to Defendants for defense against the state law causes of action.

SO ORDERED this 1st day of July, 2014.

BY THE COURT:

Clark Waddoups
United States District Judge