IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **MATTHEW T. MGLEJ**<br><br>Plaintiff,<br><br>v.<br><br>**GARFIELD COUNTY, et. al.,**<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:13-cv-00713<br><br>**United States District Court Judge Clark Waddoups**<br><br>**Magistrate Judge Dustin Pead** |

This matter is before the court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from the District Court Judge Clark Waddoups (doc. 20).

Currently pending is Plaintiff Matthew Mglej's ("Mr. Mglej") "Motion To Quash Or Modify Defendants Motion For Deposition And Request For Documents" (doc. 57), and Defendant Garfield County Sheriff's Office and Defendant Deputy Raymond Gardner's (collectively "Defendants") "Expedited Motion To Compel The Deposition Of Plaintiff Matthew T. Mglej In The Forum State Of Utah" (doc. 59).

## I.  BACKGROUND

On July 29, 2013, Mr. Mglej, who resides in Oregon, filed his complaint against Defendants in the federal District Court, District of Utah (doc. 2).

On November 26, 2014, Defendants emailed and mailed Mr. Mglej a "Notice of Deposition and Request For Production of Documents" (doc. 59-1).  The deposition notice requested Mr. Mglej's appearance for his deposition on December 15, 2014, in Salt Lake City, Utah.  The Notice instructed Mr. Mglej to bring "all documents, correspondence, letters or

emails, that [sic] have not been provided previously regarding the claims in his Complaint." *Id.*

On the same day, Mr. Mglej contacted Defendants and indicated that he was unable to appear in person for his deposition "due to my extreme poverty, living over 100 miles away, and illness of my parents who I take care for [sic]." (doc. 59-2). In response, Defendants informed Mr. Mglej that his personal appearance was required and that his failure to appear in person would result in the Defendants filing a motion to compel and request for sanctions. *Id.*

On December 8, 2014, Mr. Mglej filed a motion to quash arguing that he should be permitted to appear telephonically or, in the alternative, "compensated for loss wages [sic], eldercare [sic], lodging, travel, and food expenses" (doc. 57). In support of his motion, Mr. Mglej asserts that traveling to Utah will cause him undue burden and hardship because he lives below the poverty level, resides outside the geographical limits and takes care of his elderly parents who require his assistance. *Id.*

One day later, on December 9, 2014, Defendants filed their expedited motion to compel arguing that Mr. Mglej should be required to personally appear for his deposition, and that any failure to appear would constitute grounds for sanctions including dismissal of the action (doc. 59).

## II. DISCUSSION

The examining party determines the location of a party's deposition, subject to the court's power to designate a different location through a protective order pursuant to Fed. R. Civ. P. 26(c)(2). *See Riley v. Murdock,* 156 F.R.D. 130, 132 (E.D.N.C. 1994) (finding that the party noticing the deposition has the right to choose the location of the deposition). Thus, when the party deposed is the plaintiff, a deposition is appropriate in the district where the suit was brought

since it is "plaintiff [who] has selected the forum and should not be heard to complain about having to appear there for a deposition." *Koengeter v. Western Wats Ctr., Inc.,* 2010 U.S. Dist. LEXIS 102031, *3 (D. Utah 2010) (citing *Gipson v. Southwestern Bell Tel. Co.,* 2008 U.S. Dist. LEXIS 77481, *15 (D. Kan. October 1, 2008) ; *see also, Shockey v. Huhtamaki, Inc.,* 280 F.R.D. 598, 600 (D. Kan 2012); *Clem v. Allied Van Lines Int'l Corp.,* 102 F.R.D. 938, 939 (S.D.N.Y. 1984); *W.H. Brady Co. v. Dorman-Bogdonoff Corp.,* 36 Fed. R. Serv. 2d 307 (D. Mass. 1982).

Upon review, the court concludes that Defendants' motion to compel should be granted and Mr. Mglej is hereby required to personally appear in Utah for his properly noticed deposition. The court is not unsympathetic to Mr. Mglej's circumstances, however, he should assume that his deposition will be conducted in the district where he chose to bring his lawsuit. Moreover, while rule 26 requires that the court protect parties from "undue burden or expense." the court concludes that even though travel to Utah may be difficult and costly for Mr. Mglej, it is not unduly so.   Fed. R. Civ. P. 26(c)(1).

Mr. Mglej chose to file suit in the District of Utah and should anticipate that his presence in the forum would be required.

       Based thereon, the Court now ORDERS as follows:

1. Defendants Motion To Compel is hereby GRANTED (doc. 59).  Mr. Mglej's Motion To Quash is DENIED (doc. 57);

2. Mr. Mglej is hereby ORDERED to personally appear for his deposition on **Monday, December 15, 2014, at 10:00 a.m**. at counsel's office, **Mylar Law** located at **2494 Bengal Blvd in Salt Lake City, Utah**;

3. Mr. Mglej is warned that a failure to do so may result in the imposition of sanctions including dismissal of his claims with prejudice. *See* Fed. R. Civ. P. 37(d)(1)(A)(i)(a court may order sanctions for a party's failure to appear for properly noticed deposition); Fed. R. Civ. P. 37(b)(2)(A)(i-vi) (sanctions may include dismissing the action or proceeding in whole or in part); and

4.  Given the expedited nature of this issue, the court directs the clerk's office to mail a copy of this order directly to:

 Matthew T. Mglej
 604 SE 67 Ave.
 Hillsboro, OR 97123

 **And to also immediately email a copy of the order to Mr. Mglej at:**

 **matthewmglej@gmail.com.**

DATED this 11th day of December, 2014.

_____
Dustin Pead
U.S. Federal Magistrate Judge