IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATTHEW MGLEJ,<br><br>                        Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY, GARFIELD COUNTY SHERIFF'S OFFICE, GARFIELD COUNTY JAIL, and RAYMOND GARDNER,<br><br>                        Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:13-CV-713 CW-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion to Disqualify Judge filed by Defendants and Motions to Withdraw as Counsel, Appoint New Pro Bono Counsel for Plaintiff, and to Stay Pending Motions filed by Plaintiff's current counsel. These Motions have been referred to the undersigned by Chief Judge Nuffer. For the reasons discussed below, the Court will deny Defendants' Motion to Disqualify, grant counsel's Motions to Withdraw, order the appointment of new pro bono counsel, and stay briefing on Defendants' Motion for Summary Judgment.

I.  BACKGROUND

Plaintiff, through retained counsel, filed the instant action on January 29, 2013. Plaintiff brought claims under 42 U.S.C. § 1983 alleging that Defendants had violated his constitutional rights. Plaintiff also brought state constitutional and common law claims.

On April 15, 2014, Plaintiff's counsel sought to withdraw. Defendants opposed that motion because there were three pending motions before the Court that had yet to be ruled on. Judge Waddoups granted counsel's request on May 16, 2014.

1

On July 1, 2014, Judge Waddoups granted one of the pending motions, a motion filed by Defendants for judgment on the pleadings. In that order, Judge Waddoups dismissed all of Plaintiff's state law claims and awarded Defendants its attorney's fees and costs for their defense of those claims.

After a series of discovery disputes, the Court set a deadline of February 13, 2015, to file dispositive motions. Defendants filed a Motion for Summary Judgment on that date. After the Motion was fully briefed, Judge Waddoups set the matter for oral argument. At the hearing, Judge Waddoups *sua sponte* appointed counsel for Plaintiff. In a written ruling issued after the hearing, Judge Waddoups stated:

> Having reviewed the parties' briefing on the motions, the court concludes a serious question is present about whether Mr. Mglej's Constitutional rights were violated by one or more of the defendants. The court further concludes that Mr. Mglej would benefit from the appointment of counsel to ensure his rights are adequately represented in this matter.[1]

Accordingly, Judge Waddoups ordered the appointment of *pro bono* counsel and stayed Defendants' pending Motion for Summary Judgment.

Plaintiff's *pro bono* counsel entered their appearances on November 13, 2015. On December 1, 2015, Defendants made an offer of judgment pursuant to Federal Rule of Civil Procedure 68. Under Rule 68, an offer of judgment is considered withdrawn if it is not accepted within fourteen days. Importantly, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."[2] In a §1983 case, such as this, "costs" include attorney's fees.[3]

---

[1] Docket No. 88, at 1.

[2] Fed. R. Civ. P. 68(d).

On December 14, 2015, Plaintiff's new counsel sought an extension of time to respond to the offer of judgment. Counsel correctly noted that Plaintiff's "rejection of Defendants' Rule 68 offer could have substantial, detrimental impacts on him if he recovers less than the offer at trial."[4] Thus, counsel believed it "imperative that Mr. Mglej and his counsel have enough time to properly analyze the pleadings and discovery documents, and the legal issues in this case, before they can make an informed decision about the offer."[5] Defendants opposed Plaintiff's request for an extension.

Judge Waddoups held a hearing on Plaintiff's Motion to Extend on January 26, 2016. At that hearing, Judge Waddoups noted that the offer was made at such a time as to not allow new counsel sufficient time to evaluate it and advise Plaintiff in order to make a meaningful decision. Judge Waddoups concluded that he had the authority not just to extend the time to respond to the offer, but also to strike the offer. Judge Waddoups chose to strike the offer so that it had "no force or effect to transfer costs to Mr. Mglej in the event he recovers less than the offer."[6] However, Judge Waddoups left open the possibility for Defendants to submit a new offer of judgment.

Judge Waddoups issued an Amended Scheduling Order on February 8, 2016. A dispositive motion deadline was set for September 1, 2016.

Defendants filed the instant Motion on August 30, 2016, two days before the dispositive motion deadline. Defendants also filed a renewed Motion for Summary Judgment on September

---

[3] *See Marek v. Chesny*, 473 U.S. 1, 9 (1985).

[4] Docket No. 95, at 3.

[5] *Id.* at 4.

[6] Docket No. 99, at 1.

3

1, 2016. Plaintiffs' counsel sought to withdraw on September 2, 2016, and September 26, 2016, respectively.

## II. DISCUSSION

A.     MOTION TO DISQUALIFY

Defendants argue that Judge Waddoups should be disqualified because of the appearance of prejudice or bias against Defendants. In particular, Defendants take issue with the actions of Judge Waddoups in appointing counsel for Plaintiff, striking their Rule 68 offer of judgment, and Judge Waddoups' demeanor to Defendants' counsel in a hearing.

Defendants bring their Motion pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a). Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Defendants have failed to comply with the requirements of § 144. Defendants did not submit any affidavit, let alone one that could be considered timely sufficient under the statute. In addition, Defendants failed to submit a certificate of counsel stating that the affidavit was submitted in good faith. These procedural defects defeat Defendants' Motion under § 144. Therefore, the Court will limit its discussion to § 455(a).

Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality."[7]

The first question the Court must address is whether Defendants' Motion is timely. "A motion to recuse under section 455(a) must be timely filed."[8] While there is no precise moment when a motion must be filed, Tenth Circuit precedent "requires a party to act promptly once it knows of the facts on which it relies in its motion."[9] "A promptly filed motion conserves judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process."[10]

In this case, the actions of which Defendants complain occurred in October 2015 (the appointment of *pro bono* counsel) and January 2016 (the striking of the Rule 68 offer of judgment). Defendants waited for over seven months from the last action to file their Motion to Disqualify and did so just two days before dispositive motions were due. The timing of Defendants' Motion is suspicious. Judge Waddoups had already stated that there is a serious question about whether Defendants violated Plaintiff's constitutional rights. It appears that rather than risk an adverse ruling on summary judgment, Defendants filed this Motion in hopes of having another judge hear the case. The Court cannot condone such behavior. If Defendants

---

[7] *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000).

[8] *Wilmer v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988).

[9] *Pearson*, 203 F.3d at 1276.

[10] *Id.*

were truly concerned with Judge Waddoups' actions, they could have and should have filed this Motion sooner. Because they did not, the Court can only conclude that they filed the Motion in an attempt to manipulate the judicial process.

Even if the Motion was timely, it fails on the merits. Defendants' first two basis for disqualification concern rulings Judge Waddoups made. In one ruling, Judge Waddoups *sua sponte* appointed counsel for Plaintiff. In the other, Judge Waddoups struck the Rule 68 offer of judgment.

The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[11] "Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge."[12] Such rulings can "only in the rarest circumstances evidence the degree of favoritism or antagonism required."[13] Judge Waddoups' rulings do not evidence the degree of favoritism or antagonism required for recusal. Instead, Defendants largely take issue with the correctness of these rulings. However, the proper vehicle to address erroneous rulings is appeal, not recusal.[14]

Defendants also complain that Judge Waddoups was hostile to Defendants' counsel during the hearing on Plaintiff's Motion to Extend. "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."[15] "[E]xpressions of impatience,

---

[11] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[12] *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006).

[13] *Liteky*, 510 U.S. at 555.

[14] *Id.*

[15] *Id.*

dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display" are insufficient.[16] "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune."[17]

Having carefully reviewed the hearing transcript, the Court cannot conclude that Judge Waddoups' comments "display a deep-seated antagonism that would make fair judgment impossible."[18] Rather, Judge Waddoups voiced his assessment of the facts, which then provided the basis for his ultimate ruling. While different words could have been chosen, there is nothing about what Judge Waddoups said that requires disqualification.

B.  MOTIONS TO WITHDRAW AS COUNSEL

Counsel for Plaintiff, J. Tayler Fox and Carolyn Montgomery, have both filed Motions to Withdraw as Counsel. As explained in their Motions, counsel agreed to represent Plaintiff *pro bono* when they were working at the law firm of Callister Nebeker & McCullough. That law firm has now ceased operations. Mr. Fox has obtained a position at a new firm, which has a conflict in this case, and Ms. Montgomery represents that she is retiring from the practice of law to care for an ailing parent. These events were not anticipated by counsel when they agreed to represent Plaintiff.

Defendants do not object to counsel's request to withdraw, but do object to the appointment of new counsel and any further delay. Based upon Defendants' non-objection, and good cause appearing, the Court will permit Mr. Fox and Ms. Montgomery to withdraw as

---

[16] *Id.* at 555–56.

[17] *Id.* at 556.

[18] *Pearson*, 203 F.3d at 1277.

counsel. The requests for appointment of new counsel and to stay briefing on Defendants' Motion for Summary Judgment will be addressed below.

C.      MOTION TO APPOINT NEW COUNSEL

Counsel for Plaintiff request that Plaintiff be appointed new *pro bono* counsel. Plaintiff has no constitutional or statutory right to counsel. However, the Court has the discretion to appoint counsel to represent him. The Tenth Circuit has identified certain "factors to be considered in deciding whether to appoint counsel, including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[19]

Considering these factors, the Court will exercise its discretion and appoint new *pro bono* counsel. First, the Court agrees with Judge Waddoups' assessment that Plaintiff has presented at least a colorable claim that his constitutional rights were violated. Second, while the factual issues are not overly complex, the remaining factors weigh in favor of the appointment of counsel. Third, there is some question as to Plaintiff's ability to present his claim. The Court is not privy to the relevant documentation concerning Plaintiff's mental health, but there is some concern that Plaintiff lacks the ability to adequately present his claims. Finally, this case raises complex legal issues. Section 1983 cases can be difficult to navigate for even a skilled attorney. And while not every § 1983 claimant will be entitled to *pro bono* counsel, the combination of all factors here makes appointment necessary.

---

[19] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

D.   MOTION TO STAY

Based on the withdrawal of counsel and the Court's decision to appoint new *pro bono* counsel, the Court will also grant the request to stay briefing on Defendants' Motion for Summary Judgment.[20]  The Court understands Defendants' frustrations with the delays that have occurred in this case.  However, new counsel will need sufficient time to review discovery and respond to Defendants' Motion.  Therefore, the Court will allow Plaintiff's newly appointed counsel to respond to Defendants' Motion for Summary Judgment within 90 days of their appearance.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Disqualify (Docket No. 108) is DENIED.  It is further

ORDERED that Counsel's Motions to Appoint New Pro Bono Counsel for Plaintiff, and to Stay Pending Motions (Docket Nos. 115 and 120) are GRANTED.

The Clerk of Court is directed to locate new pro bono counsel to represent Plaintiff.  New counsel shall have 90 days from the date of their appearance to respond to Defendants' Motion for Summary Judgment (Docket No. 111).

---

[20] Because the Court has denied Defendants' Motion to Disqualify, there is no need to stay briefing on that Motion.

DATED this 17th day of October, 2016.

BY THE COURT:

_____

Ted Stewart
United States District Judge