IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MATTHEW T. MGLEJ,** <br><br> **Plaintiff,** <br><br> v. <br><br> **RAYMOND GARDNER,** <br><br> **Defendant.** | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* FOR EXCLUSION OF PSYCHOLOGICAL DAMAGES DUE TO THE SPOILATION OF EVIDENCE** <br><br> **Case No. 2:13-cv-00713-CW** <br><br> **Judge Clark Waddoups** |

Before the court is a Motion *in Limine* for Exclusion of Psychological Damages Due to the Spoilation of Evidence ("Motion") filed on July 9, 2021 by Defendant Raymond Gardner ("Mr. Gardner"). ECF No. 182. Plaintiff Matthew T. Mglej ("Mr. Mglej") filed his opposition memorandum on July 23, 2021, ECF No. 186, to which Mr. Gardner replied on July 30, 2021, ECF No. 191. On August 18, 2021, Mr. Gardner filed a supplemental memorandum updating the court on the status of the purportedly withheld discovery documents and their subsequent destruction. ECF No. 196. For the reasons below, Mr. Gardner's Motion is denied.

## BACKGROUND

The discovery documents at issue in this Motion are certain treatment records of Dr. Darrel Eacret ("Dr. Eacret"), who is Mr. Mglej's psychiatrist and has been designated as an expert witness in this case. According to Mr. Gardner, on July 9, 2021, Dr. Eacret provided testimony at his deposition that his patient records are maintained for a seven-year period upon which the records are then destroyed as a matter of course. *Id*. at ¶ 9; *see also id*. at ¶ 6 n.1 (informing the court that "[b]ecause this deposition was taken on the day this motion was filed,

no transcript is yet available"). Given his testimony, it appears that certain records documenting Dr. Eacret's treatment of Mr. Mglej were destroyed in 2019 consistent with his office destruction policy. *See id*. at 3-4; ECF No. 186 at 4.

That same day, after hearing Dr. Eacret's deposition testimony, Mr. Gardner filed the instant Motion, ECF No. 182 at ¶ 6 n.1, demanding that spoliation sanctions be imposed against Mr. Mglej "[f]or allowing directly relevant mental health notes and records to be destroyed." *Id*. at 2, 6; ECF No. 191 at 4. Mr. Gardner attests that he "requested this information in 2014 when the records still existed, but [Mr. Mglej] did not provide them in discovery and made no attempt to preserve the records." ECF No. 182 at 1-2. As a result of the alleged spoliation, Mr. Gardner asks the court to: (1) preclude Mr. Mglej from "testify[ing] about any alleged psychological damages;" (2) prohibit Dr. Eacret "from testify[ing] at trial" as an expert; and (3) exclude "all records" and "reports" from Dr. Eacret in this case. *Id*. at 1-2, 6.

On August 18, 2021, approximately six weeks after having filed the Motion and three weeks after briefing was complete, Mr. Gardner filed a supplemental memorandum, ECF No. 196, informing the court that Mr. Mglej actually had produced the responsive discovery documents and that Mr. Gardner's counsel had been in possession of them since 2016. *Id*. at 2. The lost documents were found by way of Mr. Mglej's current counsel directing Mr. Gardner's counsel to his own email history wherein he could find an email from Mr. Mglej's previous counsel with the responsive discovery documents attached to the email in a PDF document. *Id*. at ¶¶ 1-2. Mr. Gardner's sole explanation for this significant oversight was that his "counsel had forgotten about the PDF's existence." *Id*. at ¶ 3.[1] Notwithstanding this admission, Mr. Gardner

---

[1] Mr. Gardner further provides that, "The PDF was not Bates stamped and it was not saved with other discovered documents from the case." ECF No. 196 at ¶ 3. To the extent this an attempt to excuse his counsel's actions, such attempt fails. Mr. Gardner's counsel cannot disavow responsibility for his own carelessness merely by implying that

maintains Dr. Eacret should nevertheless be disqualified as an expert in this case. *Id*. at 2. The arguments are discussed in turn.

## DISCUSSION

Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Johnson v. Peay*, No. 1:14-cv-147, 2016 WL 4186956, at *9 (D. Utah Aug. 8, 2016). "A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of evidence." *Burlington N. and Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007).

Mr. Gardner's request for spoliation sanctions is without merit. A natural prerequisite to consideration of sanctions is that the evidence in question actually be destroyed or lost. *See id.*; *see, e.g.*, *Johnson,* 2016 WL 4186956, at *9. Mr. Gardner's request fails at this initial step because, since the filing of his Motion, Mr. Gardner has not only located the documents, but informs the court that they were in counsel's possession since 2016 and, therefore, should have been available for review at the deposition had his counsel exercised reasonable diligence or attempted a minimal search.[2] As to the allegations that Mr. Mglej withheld responsive discovery documents, as shown, those allegations are patently false.[3] Accordingly, there is no foundation to

---

he is not at fault because the PDF was not Bates stamped or saved in the right folder on his computer. Nor does a lack of formal discovery pleading or certificate of service. Although Mr. Gardner's counsel is technically correct in stating that he "is not a custodian of Dr. Eacret's notes," such response misses the point.

[2] Conspicuously absent from Mr. Gardner's briefing is discussion of attempts made to obtain the documents or efforts taken to locate them.

[3] Moreover, in bringing the Motion, it appears that Mr. Gardner, aside from a perfunctory scan of his case file, (*see* ECF No. 196 at ¶ 3), made no effort to confer with opposing counsel in an attempt to obviate the necessity of this

impose sanctions. And to the extent there was foundation, sanctions would be inappropriate because Mr. Gardner has not been prejudiced by destruction of the records as he actually possesses copies of them.

Mr. Gardner then attempts to persuade the court that, despite his inculpatory admissions, it "should still disqualify Dr. Eacret as an expert" because his "report is incomplete without reviewing all of these notes." ECF No. 196 at 3. He argues disqualification is warranted because the treatment "notes were not used by Dr. Eacret in authoring his expert report, nor were they subjected to any questioning in deposition." *Id*. Although Mr. Gardner provides no legal basis for these new arguments, he appears to argue that, even if relevant, Mr. Eacret's opinions should be excluded as unreliable and unhelpful to a jury under Fed. R. Evid. 702 because he did not rely on them in formulating his report.

In short, and in the terminology of Rule 702, this argument fails because Mr. Gardner does not challenge Eacret's qualifications, whether he used reliable principles and methods, or whether he applied those methods reliably. *Cf.* Fed. R. Evid. 702. Nor does Mr. Gardner truly challenge the accuracy of the facts and materials on which Dr. Eacret relies; instead, he appears to attack the overall completeness of the report given the notes' omission. This challenge falls flat because it does not make Dr. Eacret's opinions unreliable or otherwise excludable. Indeed, Mr. Gardner's concerns with Dr. Eacret's expert opinion are more properly reserved for cross-examination at trial, at which time Mr. Gardner may cross-examine Dr. Eacret in depth about the basis for his opinion.

---

Motion. The omission is notable in light of the circumstances in which Mr. Gardner "re-discovered" the documents. *Id*. at 1.

## CONCLUSION AND ORDER

For the above reasons, Mr. Gardner's Motion *in Limine* for Exclusion of Psychological Damages Due to the Spoilation of Evidence (ECF No. 182) is DENIED.

DATED this 27th day of August, 2021.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge