# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MATTHEW T. MGLEJ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RAYMOND GARDNER,**<br><br>**Defendant.** | **MEMORANDUM DECISION<br>AND ORDER REGARDING<br>AWARD OF ATTORNEY FEES, COSTS,<br>AND EXPENSES**<br><br>**Case No. 2:13-cv-00713-CW**<br><br>**Judge Clark Waddoups** |

Before the court is Plaintiff Matthew T. Mglej's ("Plaintiff") Motion for Award of

Attorney Fees, Costs, and Expenses ("Motion").  (ECF No. 250.)  On September 17, 2021, a jury

found Defendant Raymond Gardner ("Defendant") liable for unlawful arrest and malicious

prosecution.  (ECF No. 247.)  Judgment was entered in favor of Plaintiff for compensatory and

punitive damages in the amount of $60,720.00.  (ECF No. 249.)  Plaintiff now moves for an

award of attorneys' fees and expenses pursuant to 42 U.S.C. § 1988(b) and costs pursuant to 28

U.S.C. § 1920 and Fed. R. Civ. P. 54.[1]

In a federal civil rights action, section 1988 provides for attorneys' fees to be awarded to

the prevailing party in an action brought under 42 U.S.C. § 1983.  The purpose of the statute is to

encourage competent counsel to pursue civil rights cases to vindicate the rights of parties whose

constitutional rights have been violated, but who would otherwise likely lack the financial means

to protect those rights and seek an appropriate remedy for the violation.  *City of Riverside v.*

---

[1] Plaintiff also filed a Bill of Costs (ECF No. 251) separate from this Motion which the court address in
Section VI.

*Rivera*, 477 U.S. 561, 574–75 (1986).  Defendant does not dispute that Plaintiff is the prevailing party and is entitled to attorneys' fees under 42 U.S.C. § 1988(b).  (ECF No. 258 at 4.)  Accordingly, the only question to be decided is the amount.  For the reasons outlined below, Plaintiff's Motion for an Award of Attorney Fees, Costs, and Expenses is **GRANTED** in the amount of $335,099.51.

<u>ANALYSIS</u>

After the court makes the threshold determination that a party is eligible for an award of fees, it looks to the "lodestar" amount as a starting point for calculating a reasonable fee award. *Jane L. v. Baangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995).  The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Both factors are to be judged by the complexity of the issues raised and the experience of counsel involved. *Id.* at 434.  The request for attorney fees must be supported by detail specifying the dates, tasks accomplished, and the time spent on the various tasks. *Jane L.*, 61 F.3d at 1510.  The same support is required for fees and costs claimed for secretarial and paralegal assistance. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989).  Once the lodestar amount is determined, the court may in its discretion adjust the award by taking into account the result achieved, the complexity of the litigation, the time required to bring the litigation to conclusion and other factors such as unnecessary duplication of effort, delay, and the importance of the rights being protected. *Hensley*, 461 U.S. at 434-36.

In this case, Defendant does not contest that attorney fees may be awarded in a civil rights case but does object to the amount of fees being requested, arguing that the amount of hours spent are unreasonable and the attorneys' hourly rates are excessive.  Defendant next argues that the lodestar amount should be reduced to exclude hours billed on unsuccessful claims

and to reflect Plaintiff's degree of success.  First, the court proceeds by calculating the lodestar amount and then considers whether a reduction to the lodestar is warranted.  Second, the court examines which expenses and costs Plaintiff is entitled in addition to the attorney fee award.

## I.    REASONABLENESS OF FEES

Defendant argues that Plaintiff's attorneys' fees should be reduced to account for redundant hours and unrecoverable clerical tasks.  The court addresses each objection in turn.

### 1.    Redundant Hours

Defendant argues that the number of attorneys that worked on this case caused redundancies in labor because "it takes time to bring each attorney up to speed."  (ECF No. 258 at 8.)  Defendant requests that the court limit attorney fees to only those attorneys who filed a notice of appearance:  Benjamin Welch, Stewart Peay, and Annika Jones.  (*Id*.)  Defendant also requests that Ms. Jones' trial time be removed from the award because "Plaintiff should not be allowed to bill for three attorneys, particularly when their third attorney, Ms. Jones, participated minimally in the trial and never examined any witness nor did she make opening or closing arguments."  (*Id*. at 9.)

Employing multiple attorneys is per se not unreasonable.  *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co*., 122 F. Supp. 3d 1114, 1152 (D.N.M. 2015) (citation omitted).  "[A] fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case."  *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999).  Aside from Defendant's assertion that "Plaintiff should not be allowed for so many attorneys," (ECF No. 258 at 8), Defendant fails to identify which billings are redundant or superfluous but rather concludes that all work not performed by an appearing attorney should be excluded for the sole

3

purpose that it takes time to bring each attorney up to speed.  While it is true that some

efficiencies are lost in briefing those not intimately familiar with the case, Defendant has not

identified a single billing entry wherein time spent briefing associate attorneys occupies a portion

of the hours billed.  Similarly, in appealing to restrict the award to hours billed by only appearing

attorneys, Defendant fails to examine the billing records of those attorneys to ensure such

approach resolves the purported redundancy issues that may have existed.  The court declines to

assuage what appears to be a request for an arbitrary reduction of fees.

Moreover, the court finds Plaintiff's explanation for the use of multiple attorneys to be

reasonable.  Plaintiff explains that the use of multiple attorneys, over the course of four years,

represents a cost-effective alternative to having two partners perform all the legal work.  (ECF

No. 261 at 4.)  All non-appearing attorneys are associate attorneys with lower billing rates than

Mr. Welch and Mr. Peay.  Plaintiff also refutes Defendant's concern regarding supposed attorney

briefing inefficiencies by pointing out that the greater majority of the work (> 75%) was

performed by the three appearing attorneys (Mr. Welch, Mr. Peay, and Ms. Jones), one non-

appearing associate (Mr. Jaussi), and a paralegal (Ms. Stauffer).  The court finds the billing

entries are sufficiently detailed and reasonably request compensation for the distinct contribution

of each lawyer.

As to having three attorneys bill for trial time, the court agrees with Defendant in part.

It is not unreasonable to have multiple attorneys and Ms. Jones' input at trial certainly provided

value given her role overseeing the jury instructions, the jury verdict form, and helping Mr.

Welch and Mr. Peay prepare for trial each day by contributing to witness and argument outlines.

(ECF No. 261 at 4.)  Notwithstanding, the court finds that some of Ms. Jones' time spent

attending trial was redundant of Mr. Welch and Mr. Peay's time.  While the court accepts

Plaintiff's contention that Ms. Jones' behind-the-scenes contributions were valuable, Ms. Jones'

role during the course of the trial was limited based on the court's observation.  As a result, the

court finds that a one-half reduction in Ms. Jones' time billed attending trial is warranted to

eliminate this redundancy in billing.  Accordingly, the court reduces Ms. Jones' lodestar fee by

13.6 hours, or $4,012.

## 2.    Clerical Tasks

Defendant asserts several of the billing entries should be excluded because clerical or

secretarial tasks are not billable as legal work.  (ECF No. 258 at 9.)  Defendant also argues that

some time entries are disallowable because the entry includes both clerical and legal work,

prohibiting the court from parsing out what time was allotted to clerical versus legal work.  (*Id*.

at 10.)  The court agrees with both Defendant's contentions.  "Purely clerical or secretarial tasks

should not be billed at a paralegal rate, regardless of who performs them."  *Missouri*, 491 U.S. at

288 n.10 (1989).  Clerical and secretarial tasks include tasks such as ordering and paying for

copies, communication with court reporters, obtaining and preparing summonses, e-filing court

documents, printing and copying, and paralegal review of pleadings.  *Martinez v. Bd. of Cnty.*

*Comm'rs*, No. CV 15-00653, 2018 WL 1665806, at *3 (D.N.M. Apr. 4, 2018) (collecting cases).

Additionally, time entries that include both legal and clerical work but are unclear about the

specific time allotted to each task are not compensable.  *Robinson v. City of Edmond*, 160 F.3d

1275, 1281 (10th Cir. 1998) ("[A] district court may discount requested attorney hours if the

attorney fails to keep meticulous, contemporaneous time records that reveal all hours for which

compensation is requested and how those hours were allotted to specific tasks.") (citation and

quotations omitted); *see, e.g.*, *Martinez*, 2018 WL 1665806, at *3.

The court accepts the proposed reductions outlined in Defendant's Exhibit 6 attached to the Opposition Memorandum (ECF No. 258-7), striking the respective paralegal time entries as unbillable clerical tasks.  The court applies the following hourly rates to their respective hours billed for each clerical worker as follows:  Erin Stauffer (paralegal), $215/hr, hours billed 13.7, total $2,945.50; Dana Jones (research librarian), $270/hr, hours billed .4, total $108; Leslie Newill (paralegal assistant), $150/hr, hours billed 26.5, total $3,975; Nicole Whitney (paralegal), $210/hr, hours billed 5.8, total $1,218.[2]  Accordingly, the lodestar figure for those paralegals is reduced by 46.40 hours, or $8,246.50.

## II.        REASONABLE HOURLY RATES

Determining a reasonable billing rate involves an examination of the prevailing market rates in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation.  *Case v. Unified Sch. Dist. No. 233 Johnson Cty.*, 157 F.3d 1243, 1256 (10th Cir. 1998).  Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.  *See e.g., Jones v. Eagle–North Hills Shopping Ctr.*, 478 F.Supp.2d 1321, 1326 (E.D. Okla. 2007).  Although a district court's discretion in exercising judgment regarding the appropriate fee is not limitless, the court enjoys wide discretion.  *Case*, 157 F.3d at 1256.

The court finds that the hourly rates utilized by Plaintiff's attorneys are reasonable.  Snell & Wilmer's rates range from $330–$425 (partners), $190–$360 (associates), $205 (summer associate), and $150–$245 (paralegal/paralegal assistant).  (ECF No. 250-1 at 4-5.)

---

[2] The rates are taken from Plaintiff's hourly rate table set forth in the Declaration Stewart Peay attached as Exhibit A to Plaintiff's Motion.  (ECF No. 250-1 at 4-5.)  For those with a range of hourly rates, the court applies the lowest range in the range.

These rates are consistent with the prevailing market rates in Utah. *Morrison v. Express Recovery Servs., Inc.*, No. 1:17-CV-51, 2020 WL 3791893, at *3 (D. Utah July 7, 2020) (concluding hourly rates of $350-$425 for attorneys and $180 for paralegals is appropriate for the Salt Lake City legal market); *Blackburn v. United States*, No. 2:18-cv-116, 2020 WL 1930063, at *2 (D. Utah Apr. 21, 2020) (concluding hourly rate of $350 is commensurate with the prevailing market rates in Utah). Additionally, these hourly rates are consistent with fees charged by attorneys with similar skill, education, and experience. The billing rates claimed are supported by declarations of other attorneys who are experienced and practice in this area of law. (ECF Nos. 261-3; 261-4.)

Defendant argues that these rates should be reduced because they are higher than defense counsel's and Plaintiff was represented pro bono and therefore should not be billed at the same rate as a paying client. (ECF No. 258 at 7.) Such arguments miss the mark. First, it is irrelevant that defense counsel's rates are lower than Plaintiff's counsel because it ignores that in determining the reasonableness of a rate, "[t]he focus must be on the 'prevailing market rate in the relevant community.'" *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) (quoting *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). Here, counsel's rates are commensurate to those among larger firms in Utah and plaintiffs' attorneys.

Second, Plaintiff's counsel should not be penalized for representing Plaintiff pro bono, as Plaintiff's counsel would have been paid the above rates had counsel represented a paying client in lieu of taking of Plaintiff's case. Indeed, the purpose of the lodestar method is to produce "an an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010).  Compensating counsel at their normal rate is reasonable to provide an incentive for counsel to accept cases of constitutional and social importance that may result in protracted and heavily litigated proceedings.  Absent the willingness of counsel to accept the risk of undertaking such litigation, plaintiffs would not have been able to pursue claims to protect their constitutional rights and abuses of their constitutional rights would likely have gone unchecked.  The Tenth Circuit recognized the importance of this social good in *Robinson*, 160 F.3d at 1281:

> It goes without saying that if a court's compensation is not adequate to match what the market will bear for a lawyer's services, then competent lawyers will go elsewhere to offer their services. Such a result would do irreparable damage to our system of private enforcement of federal civil rights.

Applying the typical billing rates in this case serves that purpose.  Absent the willingness of Plaintiff's lawyers to undertake the representation, the constitutional rights the jury found were violated by Defendant would have not been addressed.  Accordingly, the court finds that the hourly rates utilized by Plaintiff's attorneys and paralegals are reasonable.  For those attorneys to which a range of rates is applied, the court applies the lowest rate in the range listed in the table set forth in the Declaration of Stewart Peay attached as Exhibit A to Plaintiff's Motion.[3]  (ECF No. 250-1 at 4-5.)

### III.    LODESTAR CALCULATION

After accounting for the reduction of hours and rates detailed above, the lodestar calculation is as follows:

---

[3] The court recognizes that a specific rate is applied for each attorney in the billing records.  However, the rate applied changes based on year billed ranging from August 24, 2017 to October 10, 2021 (ECF No. 250-3 at 2-50), and it is unrealistic for the court to account for each change in billing rate over the span of 4 years in calculating the lodestar amount.

| Employee | Title | Hourly Rate | Hours Billed | Total Fee |
|---|---|---|---|---|
| Stewart O. Peay | Partner | $395.00 | 119.60 | $47,242.00 |
| Ben T. Welch | Partner | $330.00 | 352.10 | 116,193.00 |
| Amber M. Mettler | Partner | $370.00 | 1.30 | $481.00 |
| William D. Green | Associate | $220.00 | 35.80 | $ 7,876.00 |
| Blake Cooper | Associate | $360.00 | 13.90 | $5,004.00 |
| Parker Allred | Associate | $330.00 | 2.20 | $726.00 |
| Alexandra Sandvik | Associate | $190.00 | 6.30 | $ 1,197.00 |
| Annika Jones | Associate | $295.00 | 118.80[*] | $35,046.00 |
| Kristen Overton | Associate | $315.00 | 26.10 | $ 8,221.50 |
| Taylor Jaussi | Associate | $245.00 | 91.80 | $22,491.00 |
| Katherine Nichols | Associate | $250.00 | 25.10 | $ 6,275.00 |
| Sarah Hafen | Associate | $315.00 | 3.50 | $ 1,102.50 |
| Dillon Olson | Associate | $325.00 | 39.60 | $12,870.00 |
| Amanda Weaver | Associate | $255.00 | 88.00 | $22,440.00 |
| Paloma Diaz | Associate | $345.00 | 18.50 | $ 6,382.50 |
| Bret Evans | Associate | $350.00 | 13.00 | $ 4,550.00 |
| Gary Wilkinson | Associate | $225.00 | 1.10 | $247.50 |
| Hayden Earl | Summer Associate | $205.00 | 20.00 | $ 4,100.00 |
| Gail Jean Boling | Paralegal | $200.00 | 12.20 | $ 2,440.00 |
| Erin Stauffer | Paralegal | $215.00 | 36.60[**] | $ 7,869.00 |
| Nicole L. Whitney | Paralegal | $210.00 | 5.80[***] | $ 1,218.00 |
| Dana Jones | Research Analyst/Librarian | $270.00 | 0.00[****] | $- |
| Leslie Newill | Paralegal Assistant | $150.00 | 0.70[*****] | $105.00 |
| **TOTAL** | | | **1032.00** | **$ 314,077.00** |

* As noted above in Section I(1)-(2), certain employee hours billed calculations were adjusted:
* 132.40 - 13.60 = 118.80
** 50.30 - 13.70 = 36.60
*** 11.60 - 5.80 = 5.80
**** 0.40 – 0.40 = 0.00
***** 27.20 – 26.50 = 0.70

IV.     **ADJUSTING THE LODESTAR AMOUNT**

1.     <u>Unsuccessful Claims</u>

After calculating the lodestar fee, the court must determine whether the fee award should be reduced to reflect the time counsel spent on unsuccessful claims that are unrelated to the successful claims. *Browder v. City of Moab*, 427 F.3d 717, 723 (10th Cir. 2005).  Defendant seeks to exclude fees associated with claims for which Plaintiff was ultimately unsuccessful, including cruel and unusual punishment, excessive bail, and excessive force.  (*Id*. at 11-12.) Here, Plaintiff's claims involve a "common core of facts[,]" *Hensley*, 461 U.S. at 435, making a reduction of the fee award unwarranted.  Accordingly, the court declines to reduce the lodestar amount on this basis.

2.     <u>Degree of Success</u>

The final step in determining a reasonable fee award is calculating a percentage of the lodestar figure that takes into account the degree of success of Plaintiff's claims.  There is a "strong" presumption that the lodestar figure represents a reasonable fee.  *Perdue*, 559 U.S. at 552.  However, when a plaintiff achieves only partial or limited success, the lodestar figure may be excessive notwithstanding the fact that all claims were "interrelated, nonfrivolous, and raised in good faith."  *Hensley*, 461 U.S. at 436.  In *Perdue*, the United States Supreme Court made clear that the strong presumption for the reasonableness of a lodestar fee figure can only rarely be overcome in "extraordinary cases" which will be presented in the "rarest of circumstances." *Perdue*, 559 U.S. at 560 (addressing enhancement of lodestar fees).  While the amount of damages recovered may be relevant to the proper fee award, fees awarded need not necessarily be proportionate to the amount recovered by the prevailing party and should not be reduced solely to achieve proportionality.  *See City of Riverside*, 477 U.S. at 574 (rejecting

proportionality requirement in a civil rights section 1988 claim and ultimately granting an award seven times the amount of the recovery).

Defendant asserts that Plaintiff achieved minimal success relative to the amount of damages sought, which warrants a substantial fee reduction.  (ECF No. 258 at 13-15.)  He argues that Plaintiff was largely unsuccessful because he requested $250,000 in damages in the complaint and suggested various damages calculations to the jury that they did not apply and was awarded substantially less—$35,720 in compensatory damages and $25,000 in punitive damages.[4]  (*Id*. at 14.)

Plaintiff disagrees, characterizing the result at trial as significant in both substance and size considering the jury awarded compensatory and punitive damages and considering the amount of work it took to even make it to trial, such as defeating Defendant's multiple attempts to secure qualified immunity against *all claims* before this court, the Tenth Circuit Court, and the United States Supreme Court.  (ECF No. 261 at 7.)  Plaintiff also notes that the relief requested in the Complaint was not known by the jury and the damage calculations suggested during closing arguments were part of many queries presented to the jury that cannot be fairly characterized as a "demand" or serve as a "measure" of success.  (*Id*. at 8.)

The court agrees with Plaintiff.  Extraordinary circumstances do not exist in this case to warrant an upward or downward departure from the lodestar calculation.  With regard to a downward adjustment, a court should reduce an award if the relief is limited in comparison to the scope of the litigation as a whole, with a court asking whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.

---

[4] The court flatly declines to consider amounts discussed during settlement negotiations.

*Hensley*, 461 U.S. at 434, 438-40.  Here, Plaintiff prevailed in this matter on multiple claims at both the district and appellate levels and the jury awarded significant compensatory and punitive damages relative to a typical police officer's income.  Accordingly, the court does not find any reduction of fees warranted based upon Plaintiff's degree of success.

## V.   EXPENSES

A prevailing plaintiff in a civil rights action is entitled, under section 1988, to recover those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.  *Case,* 157 F.3d at 1258.  Plaintiff's counsel has submitted reasonable documentation for the following out-of-pocket expenses incurred in this matter: travel to the Tenth Circuit Court of Appeals in Denver, Colorado ($983.31); Westlaw charges ($13,650); and courier services ($46.28).  (ECF Nos. 250-1 at 6-7; 250-4.)  The total comes to $14,679.59, to which Defendant has not objected.  The court has reviewed the statements and finds the items contained therein to be reasonable and legitimate expenses that would normally be charged to paying clients.  Accordingly, Plaintiff is awarded the entire $14,679.59 requested in litigation expenses.

## VI.   TAXABLE COSTS

For items not reimbursable as attorney's fees under section 1988, the general costs statute, 28 U.S.C. § 1920, is controlling.  *Id.*  Section 1920 allows for the prevailing party to recover those costs as defined by the comprehensive list of allowable costs set forth in the statute.  The Court is limited by that statute and may only award those costs explicitly authorized by it.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-445 (1987).

Plaintiff filed a Bill of Costs pursuing the taxation of costs against Defendant in the amount of $6,342.92 on October 11, 2022 pursuant to Fed. R. Civ. P. 54(d).  (ECF No. 251.)

Defendant has not objected.[5]  The Clerk of Court reviewed the requested costs and concluded

that the "[t]otal costs allowed are $6,342.92 and are to be included in the judgment."  (ECF No.

262.)  Defendant has not challenged the Clerk's review of the costs or otherwise objected to

paying these costs, and the time to do so has passed.  Fed. R. Civ. P. 54(d) ("The clerk may tax

costs on 14 days' notice. On motion served within the next 7 days, the court may review the

clerk's action.").  Accordingly, the court awards Plaintiff $6,342.92 for costs under 28 U.S.C. §

1920 and Fed. R. Civ. P. 54.

## CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's Motion for Award of Attorney Fees, Costs, and

Expenses (ECF No. 250) is **GRANTED** as follows:  Plaintiff is awarded $314,077.00 in

attorneys' fees, $14,679.59 in expenses, and $6,342.92 in costs, for a total award of $335,099.51.

**IT IS SO ORDERED**.

DATED June 7, 2022.

BY THE COURT:

_____

CLARK WADDOUPS
United States District Judge

---

[5] Defendant withdrew his initial objection to the Bill of Costs.  (ECF No. 257.)